# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Mary A.

January 23, 1980

Ended File No. 80-84

By JUDGE WILLARD I. WALKER

This case is before the court on [a] petition to void the commitment of Mary A. and to take action to expunge the records as to that commitment.

The essential facts presented are as follows:

The petitioner's mother initiated civil commitment proceedings against her on October 26, 1978. A warrant was issued, but a hearing was not held immediately. Instead, the petitioner was confined temporarily at St. Elizabeth's Hospital. The commitment hearing was held two days later, on October 28, 1978.

At the hearing, the special justice appointed an attorney to represent the petitioner. The attorney conferred only briefly with his client, and admitted later that he viewed his role as that of a guardian ad litem. The attorney called no witnesses on behalf of the petitioner. Based largely on the testimony of the court appointed psychiatrist, the petitioner was committed to the Medical College of Virginia. She was discharged as requiring no further treatment on November 1. This appeal was filed on November 27, 1978.

In this de novo appeal pursuant to Va. Code § 37.1-67.6 (Supp. 1978), the petitioner challenges several aspects of the commitment procedures used in her case. She asserts that she was not brought immedi-

ately before the special justice who ordered her arrest and that she was not allowed to be present at the hearing. Furthermore, the petitioner claims that she did not receive the aid of effective counsel, and that the court applied the wrong standard of proof. She asks for an order declaring the commitment order void, expunging all records of her commitment, and enjoining the Special Justice from conducting further commitment proceedings that violate her procedural due process rights.

Having studied the exhibits and testimony taken in this case, as well as having done research on the matter, I conclude that it is proper on an appeal de novo pursuant to Va. Code § 37.1-67.6 (Supp. 1978) for the court to consider the threshold question as to whether or not the petitioner has been denied basic due process of law, and, as a result thereof, whether or not the commitment is void ab initio. I conclude that such is the case under the facts presented here.

Therefore, the court finds that this commitment proceeding as to Mary A. is void, not on the basis that she was or was not mentally incompetent and a proper subject of commitment, but because she was denied fundamental due process rights in the commitment process.

I further conclude that it is proper, considering the repercussions to this individual in the future, that any records of her commitment should be expunged; however, I do not find the necessary authority to enter any injunction against a special justice or anyone else as to any future commitment proceedings that might be instituted. Certainly, any future commitment proceedings would have to comply with fundamental due process and with all other aspects of Va. Code § 37.1.